UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

    Plaintiff,

v.                                        Case No.:  2:25-cv-1091-JES-DNF

GENIMOUS INTERACTIVE
INVESTMENT CO., LTD.,
EIGHTPOINT TECHNOLOGIES
LTD. SEZC and EIGHTPOINT
INTERACTIVE, INC.,

    Defendants.
_____

## **CIVIL ACTION ORDER**

Every person and entity appearing in this case must comply fully with this Order. On their first appearance, **all counsel are deemed familiar with this Order** and all other orders and notices issued by the court or the clerk in this case. **Only counsel of record** in this action may appear and participate in out-of-court proceedings, such as discovery conferences, depositions, and court-ordered mediation.

**1.**      **Service of Process**

If a responding party named in a complaint, a third-party complaint, or an answer with a counterclaim or crossclaim, remains unserved **112 days after the filing of any such pleading**, then the party or parties responsible

for effecting—or obtaining a waiver of—service of process, must show cause by that date why the unserved party should not be dropped for lack of service. *See also* Local Rule 1.10(a) (requiring proof of service within 21 days after service).[1] **A failure to promptly show cause why proof of service cannot be timely filed may result in a party being dropped from this action without further notice.**

2.   **Disclosure Statement**

With the first appearance, each party must file a Local Rule 3.03 interested persons disclosure using the template available under the "Forms" tab on each judge's webpage. *See* Fed. R. Civ. P. 7.1; Local Rule 3.03. If not yet done, each party must **immediately** file the Disclosure Statement. A party's failure to do so may preclude the court from granting any relief, including extensions of time.

3.   **Designating Lead Counsel**

With the first appearance, each party must also "designate only one 'lead counsel' who—unless the party changes the designation—remains lead counsel throughout the action." Local Rule 2.02(a). If a party has not already designated its lead counsel in a pleading, motion, or other paper, then it must **immediately** file a Notice of Lead Counsel Designation.

---

[1] Any reference to "Local Rule" means the Middle District of Florida Local Rules, and any reference to "Rule" means the Federal Rules of Civil Procedure.

**4.   Special Admission**

Lawyers seeking special admission must use the sample motion available in the "Special Admission to Practice" section of the "For Lawyers" tab on the court's website. The motion must include a Local Rule 3.01(g) certification unless no other party has appeared.

**5.   Amended Pleadings**

An unopposed motion for leave to amend is often unnecessary. To avoid motion practice, an amended pleading—other than one filed as of right under Rule 15(a)(1)—may, and often should, be filed without the court's leave by noting in the amended pleading itself or certifying in a contemporaneously filed notice that it is filed by consent. *See* Fed. R. Civ. P. 15(a)(2).

**6.   Rule 26(f) Meeting, Case Management Report, and Rule 16(b) Conference**

In most civil actions, the parties must conduct a Rule 26(f) meeting and submit a discovery plan by filing a Uniform Case Management Report (CMR) either:

- within forty days after any defendant appears,
- within forty days after the docketing of an action removed or transferred to this court, or
- within seventy days after service on the United States attorney in an action against the United States, its agencies, or employees.

The parties must use the template available under the "Forms" tab on each

judge's webpage.[2] The "Preferences" tab on each assigned judge's webpage gives added parameters for the parties to follow when submitting the CMR. If the parties submit an incomplete or perfunctory CMR, or use the wrong form, the court may strike it and require the parties to meet in person and resubmit.

When preparing the CMR, the parties must thoughtfully consider the proportional needs of this case given the claims, defenses, and other considerations in Rule 26(b)(1), and meaningfully discuss all issues identified in Rules 16(b)(3), 16(c)(2), 26(f)(2) and 26(f)(3). When reasonably feasible, the parties are urged to include at least one in-person meeting of the parties or their counsel during this process, and to use video conferencing rather than telephone conferences. The parties are encouraged to serve early requests to produce documents under Rule 26(d)(2) to inform their Rule 26(f) meeting.

If matters like discovery or preservation protocols concerning electronically stored information, confidentiality agreements, HIPAA qualified protective orders, or Rule 502(d) orders may be appropriate, the parties should exchange drafts before the Rule 26(f) meeting and reduce them to stipulations during or immediately afterward. *See* Local Rule 3.05. Other than HIPAA qualified protective or Rule 502(d) orders, the court does not adopt or endorse

---

[2] The "Forms" tab on each judge's webpage also includes a Patent Case Management Report for patent cases requiring claim construction, and an ERISA Case Management Report for ERISA actions involving the review of an administrative record.

confidentiality or other discovery agreements as protective orders, but the court will enforce reasonable provisions of such agreements.[3]

The assigned Magistrate Judge will consider the parties' CMR and will usually conduct a Rule 16(b) conference before issuing a Case Management and Scheduling Order (CMSO). Counsel and unrepresented parties must appear for any such conference and be prepared to discuss the issues listed in Rule 16. **Filing the CMR does not relieve the parties from attending the Rule 16(b) conference.**

**No CMR is initially needed for an action in which the court enters a special scheduling order**. *See* Local Rule 3.02(d)(1). And for **all** excepted proceedings under Local Rule 3.02(d), the parties must file a notice titled: "Notice of Exception Under Local Rule 3.02(d)" and state that a CMR will not be filed. **Any Notice of Exception must be filed within seven days of this Order**.

7. **Notice of Related Action**

A Notice of Related Action **must be filed even if no related action exists and <u>despite any contrary instruction</u>** in the CMR form. Using the template under the "Forms" tab on each judge's webpage, the parties must

---

[3] The court cannot compel parties to enter into a confidentiality agreement. If a party unreasonably claims protection for, or opposes protecting, confidential information, the court may impose an award of attorney's fees and costs against the offending party or counsel. *See* Fed. R. Civ. P. 37(a)(5).

jointly file a single notice that identifies **and describes** any related action pending or closed in this court or elsewhere. *See* Local Rule 1.07(c). They must file the notice with the CMR, but in a separate docket entry.

**8.     Motions**

   *a.     Mutual and Continuing Duty to Confer*

Before filing most motions, the movant must confer with the opposing party in a good faith effort to resolve the issue(s). *See* Local Rule 3.01(g). To properly discharge this obligation, movants must confer with the parties to the action **and any non-party against which relief is requested**. The court strictly enforces this motion-related conference requirement to foster communication between the parties, narrow or resolve issues without court involvement, and ensure that disputes are neither under- nor overstated when first presented to the court for resolution. Failure to comply with Local Rule 3.01(g) may cause the court to summarily deny the motion.

At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:

- must certify that the movant has conferred with the opposing party,
- must state whether the parties agree on the resolution of all or part of the motion, and
- if the motion is opposed, must explain how the conference occurred.

For anything other than joint or unopposed motions, the term "confer"

6

requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not "conferred."

If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for 3 days to contact the opposing party. Promptly after either contact or expiration of the 3 days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in sanction.

After a motion is filed and for as long as it remains pending, the court encourages the parties to continue to confer in good faith to narrow or resolve the issue(s) presented and promptly apprise the court of any full or partial resolution.

    b. *Filing Exhibits Electronically*

Documents that accompany a paper must be filed as separate PDF files, and each must be given a concise, unique, and objective label using the category and description fields provided by the CM/ECF system, such as "Exhibit A – Sale and Purchase Agreement," "Exhibit B – Demand Letter," and "Exhibit C – Deposition of Denver Smith;" and not "Exhibit – A," "Exhibit – B," and "Exhibit – C." The court may strike filings that fail to heed this directive.

7

A previously filed document need not be refiled and should instead be cited by document number (for example, "Doc. 1-1").

    c.    *"Emergency" or "Time-Sensitive" Motions*

Before filing a motion designated as an "emergency" or "time-sensitive," the movant must review Local Rule 3.01(e), *Henry v. The Fla. Bar*, No. 6:15-cv-1009-ORL-41TBS, 2015 WL 13590158 (M.D. Fla. Sept. 28, 2015), and *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2013 WL 12173591 (M.D. Fla. Nov. 13, 2013). If the motion warrants an emergency designation, the movant must call an assigned judge's chambers to advise about the filing. **The court may sanction a movant for an unwarranted designation of a motion as an emergency or time sensitive.**

    d.    *Motions to Strike*

The court disfavors motions to strike and often considers them timewasters. A movant must review *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and *United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019), and then explain in the motion why the requested relief is warranted notwithstanding the rationale and authorities discussed therein.

    e.    *Motions to Seal*

**"Sealing is not authorized by a confidentiality agreement, a**

**protective order, a designation of confidentiality, or a stipulation."** Local Rule 1.11(a). Conclusory or speculative allegations concerning the nature of the documents or the harms that may result from disclosure do not justify an order to seal. Rather, the court must carefully balance the need to facilitate the acquisition and use of relevant information by the parties against the general presumption that substantive aspects of a civil action are a matter of public concern. *See generally Romero v. Drummond Co.*, 480 F.3d 1234, 1245-48 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-1315 (11th Cir. 2001).[4]

When filing or seeking leave to file items under seal, or referring to items that plausibly qualify for sealing, the parties must strictly adhere to Local Rule 1.11. To properly discharge their Local Rule 3.01(g) obligations, **the parties must confer to minimize the need for any redactions or placeholders**.

9. **Discovery Practices**

Parties may stipulate—within the confines of the court's orders—to methods, procedures, and extensions of time for discovery without court intervention. *See also* M.D. Fla. Discovery Manual, pp. 1-2, 4-5. Discovery requests or responses, disclosures under Rule 26(a)(1) or (a)(2), and any related

---

[4] *See also* M.D. Fla. Admin. Procedures for Elec. Filing, pp. 9-10.

notices or certificates **must not be filed with the court** until they are used in the proceeding, or the court orders the filing. *See* Fed. R. Civ. P. 5(d)(1).

The parties must electronically exchange all discovery requests in a text-searchable format (for example, a native word-processing document or text-searchable PDF file). Unless a party justifies an express objection in the CMR to service of discovery by email, the court considers all parties (except incarcerated or detained persons not represented by counsel) to have consented to service of discovery by email. *See* Fed. R. Civ. P. 5(b)(2)(E).

**10.    Videoconference Proceedings**

By stipulation, the parties may depose witnesses or mediate by videoconference. See Fed. R. Civ. P. 30(b)(4); M.D. Fla. Rule 4.03(d). A sustained degree of mindfulness is required for use of this medium to be worthwhile for everyone involved, and the court expects parties and their counsel to participate as if they were appearing in person. Everyone who will likely have a substantive speaking role must keep their camera on throughout the proceeding, and anyone who does speak must activate their camera when speaking. Anyone supplying testimony during a videoconference proceeding must present and conduct themselves as if they have taken the stand in a courtroom and are testifying live in front of a judge and jury.

The participants are directed to carefully select their locations to ensure the absence of interruptions or distractions. Furthermore, all participants are

to remain in a fixed location and logged into the videoconference throughout the entire proceeding. For a mediation or hearing, the court recommends each party be in the same physical location with its respective counsel despite any ordinary inconvenience.

**11.  Professionalism**

Except as modified by this order, all counsel and parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, the United States District Court for the Middle District Florida's Administrative Procedures for Electronic Filing, the Florida Bar Professionalism Expectations, and the Florida Bar Trial Lawyers Section's Guidelines for Professional Conduct.

**12.  Mediation**

All actions will be referred to mandatory mediation. *See* Local Rule 4.03. **When filing the CMR**, the parties must designate a mediator and state whether the mediator is certified by this court.[5] If the parties request leave to use a mediator who is not certified by the court, then they must explain in the

---

[5] If asked by a judge, a mediator must conduct at least one mediation a year in which the judge determines that a party cannot pay the mediator. *See* Local Rule 4.02(e). Unrepresented parties or parties with pro bono counsel may ask the court to authorize all or part of their mediator fee be reimbursed by the court's Bench Bar Fund. *See* Local Rule 4.02(d).

11

CMR why their proposed mediator is particularly well suited to achieve a resolution.

**13. Compliance**

The parties **must** employ the federal and local rules to secure the just, speedy, and inexpensive disposition of this action. S*ee* Fed. R. Civ. P. 1; 16(c)(2)(P). Motions or other papers that do not comply with this order may be stricken or summarily denied. Parties or counsel who violate any court order or local rule may be subject to sanctions without further notice including default, dismissal, a fee-and-cost award to an opponent, and other monetary sanctions. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; Local Rules 3.01(g)(3), 3.10.

**DONE** and **ORDERED** in Fort Myers, Florida on 23rd day of December 2025.

/s/ *Sheri Polster Chappell*
Sheri Polster Chappell
United States District Judge

/s/ *Kyle C. Dudek*
Kyle C. Dudek
United States District Judge

/s/ *John E. Steele*
John E. Steele
Senior United States District Judge

/s/ *Nicholas P. Mizell*
Nicholas P. Mizell
United States Magistrate Judge

/s/ *Douglas N. Frazier*
Douglas N. Frazier
United States Magistrate Judge