UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:25-CV-01091-JES-DNF

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Genimous Interactive Investment Co., Ltd., | ) |
| Eightpoint Technologies Ltd. SEZC, and | ) |
| Eightpoint Interactive, Inc. f/k/a Spigot, Inc. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS GENIMOUS INTERACTIVE INVESTMENT CO., LTD. AND EIGHTPOINT TECHNOLOGIES LTD. SEZC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)[1]**

Defendants, GENIMOUS INTERACTIVE INVESTMENT CO., LTD. ("*Genimous Interactive*") and EIGHTPOINT TECHNOLOGIES LTD. SEZC ("*Eightpoint Technologies*" and collectively with Genimous Interactive, the "*Moving Defendants*"), by and through their undersigned counsel, and pursuant to M.D. Fla. L.R. 3.01 and Fed. R. Civ. P. 12(b)(6), jointly file their Motion to Dismiss Plaintiff's

---

[1] Defendants Genimous Interactive Investment Co. Ltd. and Eightpoint Technologies Ltd. SEZC expressly reserve and do not waive their rights to challenge personal jurisdiction and service of process, which are the subjects of separate motions filed contemporaneously herewith.

Complaint [D.E. 1] ("**_Moving Defendants' Motion_**"), and in support thereof state as follows:

## PRELIMINARY STATEMENT

Plaintiff, Jane Doe ("**_Plaintiff_**") filed a Complaint ("**_Complaint_**") against Eightpoint Technologies, Genimous Interactive, and Eightpoint Interactive, Inc. f/k/a Spigot, Inc. ("**_Spigot_**"), which asserts a number of claims against various defendants. In particular, Plaintiff asserts two claims against Eightpoint Technologies for negligence (Count VI) and vicarious liability (Count VII) and one claim against Genimous Interactive for negligent retention (Count VIII). [D.E. 1]. As discussed in greater detail below, the Court should dismiss Plaintiff's Complaint against Eightpoint Technologies and Genimous Interactive with prejudice because it fails to state claims upon which relief may be granted.

*First*, Plaintiff fails to state a claim against Eightpoint Technologies for negligence because Plaintiff fails to adequately allege any duty owed by Eightpoint Technologies. Plaintiff purports to allege Eightpoint Technologies had a duty to warn Plaintiff about Hongda Lu ("**_Lu_**"). However, for Eightpoint Technologies to owe a duty to warn Plaintiff there must be a "special relationship" between Eightpoint Technologies and Plaintiff or Eightpoint Technologies and Lu. Plaintiff fails to allege there was any "special relationship" giving rise to a duty to warn Plaintiff. Such a failure is fatal to Plaintiff's claim, thereby requiring dismissal of Plaintiff's negligence claim against Eightpoint Technologies.

2
**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

*Second*, Plaintiff fails to state a claim against Eightpoint Technologies for vicarious liability because Plaintiff fails to identify or allege an Eightpoint Technologies employee committed a negligent act within the course and scope of their employment. Instead, Plaintiff offers nothing more than the conclusory statement that Eightpoint Technologies' employees were "negligent" for failing to perform several actions, none of which are alleged to be within the scope of employment for Eightpoint Technologies' employees. Moreover, Plaintiff fails to bring any causes of action against any individual Eightpoint Technologies employee. The absence of employee liability warrants dismissal because, pursuant to Florida law, an employer cannot be vicariously liable if there is no liable employee.

*Third*, Plaintiff fails to state a claim against Genimous Interactive for negligent retention because Plaintiff fails to allege that a relationship existed that would create for Genimous Interactive a legal duty to supervise Lu. Genimous Interactive, an indirect subsidiary of Genimous Technology Co., Ltd. ("**Genimous Technology**"), has no power to control or make hiring and firing decisions for Genimous Technology. Genimous Interactive is totally powerless in deciding whether to retain Lu as a non-executive chairman of the board of directors of Genimous Technology and, therefore, cannot be liable to Plaintiff for negligent retention.

## MEMORANDUM OF LAW

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) (quotation omitted). Additionally, "'[a] court is generally limited to reviewing what is within the four corners of the complaint.'" *Hayes v. U.S. Bank Nat. Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016) (quotation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

B. **The Court Should Dismiss the Complaint Against Eightpoint Technologies and Genimous Interactive Because Plaintiff Fails to State Claims Upon Which Relief May Be Granted.**

Plaintiff's Complaint fails to adequately allege causes of action against the Moving Defendants, warranting dismissal for failure to state a claim for which relief can be granted. Plaintiff fails to sufficiently allege the elements of negligence (Count VI) and vicarious liability (Count VII) against Eightpoint Technologies, and negligent retention (Count VIII) against Genimous Interactive. Even if Plaintiff adequately alleged her claims against the Moving Defendants, which she does not, Plaintiff's claims must still be dismissed because Florida law does not permit Plaintiff to recover under the facts alleged.

1. *Plaintiff Fails to State a Claim for Negligence Against Eightpoint Technologies (Count VI).*

To establish a claim for negligence under Florida law, a plaintiff must allege: (1) a legal duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) causation, and (4) damages or harm resulting from that injury. *Rutstein v. Viva 5 Group, LLC*, 766 F. Supp. 3d 1189, 1203 (M.D. Fla. 2025).

Under Florida law, "a person ha[s] no duty to control the conduct of another or to warn those placed in danger by such conduct; however, an exception to that general rule can arise when there is a ***special relationship*** between the defendant and the person whose behavior needs to be controlled or the person who is a foreseeable victim of that conduct." *Boynton v. Burglass*, 590 So. 2d 446, 448 (Fla. 3d DCA 1991) (emphasis added). "Special relationships traditionally recognized by the Florida courts include

those between employer-employee, landlord-tenant, landowner-invitee, and school-minor student." *Ademiluyi v. Nat'l Bar Ass'n*, 2017 WL 3022330, at *4 (M.D. Fla. July 17, 2017). "Implicit in the creation of that [special relationship] exception, however, is the recognition that the person on whom the duty is to be imposed has the ***ability*** or ***the right to control the third party's behavior***." *Burglass*, 590 So. 2d at 448 (emphasis added).

Moreover, "[i]n Florida, 'courts are reluctant to pierce the corporate veil and will only disregard the corporate entity to prevent some injustice.'" *Buser v. Experian Info. Sols., Inc.*, 2023 WL 8828794, at *2 (M.D. Fla. Dec. 21, 2023) (quoting *S-Fer Int'l, Inc. v. Stonesheets, LLC*, 2016 WL 8808749, at *3 (S.D. Fla. July 22, 2016)). To pierce the corporate veil a plaintiff must allege: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been organized or used for a fraudulent or improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Id.*

Here, Plaintiff fails to adequately allege any duty owed by Eightpoint Technologies. Plaintiff's Complaint clearly alleges the party attended by Plaintiff was hosted by Spigot, even dubbing the event the "Spigot Holiday Party." [D.E. 1 at ¶¶ 53-58, 139]. Plaintiff also alleges that she had a special relationship with Spigot "when she accepted an invitation to the ***Spigot Holiday Party***." *Id.* (emphasis added).

However, Plaintiff fails to allege Eightpoint Technologies owed Plaintiff a special duty of any kind nor can Plaintiff do so in good faith. Reason being, there is no employer-employee, landlord-tenant, landowner-invitee, and school-minor student relationship between Eightpoint Technologies and Plaintiff or Eightpoint Technologies and Lu.

Added to this, Plaintiff fails to show Eightpoint Technologies had the ability or the right to control Lu's behavior. Plaintiff fails to allege Lu is an employee, director, or officer of Eightpoint Technologies. Rather, as described in Plaintiff's Complaint, Lu was serving as the non-executive chairman of the board of directors of Genimous Technology, which is the indirect parent company of Genimous Interactive, Eightpoint Technologies, and Spigot.[2] [D.E. 1 at ¶¶ 1, 6, 8, 30, 174]. Based on the hierarchical structure of parent and subsidiary companies, Eightpoint Technologies did not and does not have the ability or right to control Lu. Florida law is clear that a parent company is generally not liable for the negligent acts of its subsidiary, absent a showing the parent company's improper use of the corporate form. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984) ("We conclude that the district court decision directly and expressly conflicts with decisions of this Court which hold that the corporate veil may not be pierced absent a showing of improper conduct."). Paradoxically, Plaintiff's theory assumes that a subsidiary could be liable for the acts

---

[2] The Moving Defendants note that the Corporate Structure illustration included in Plaintiff's Complaint is incorrect, but must be accepted as true for purposes of this motion only. [D.E. 1, at ¶ 8]. Nevertheless, even assuming the truth of the incorrect corporate structure depicted by Plaintiff, she still fails to show Eightpoint Technologies had the ability or the right to control Lu's behavior.

of the parent if the subsidiary abused the corporate form of the parent, which finds no support under Florida law.

Plaintiff's claim for negligence completely disregards the corporate form by seeking to hold a subsidiary liable for the actions of a non-executive board member of an indirect parent company without any allegations whatsoever that would support disregarding the corporate form and/or piercing the corporate veil. Plaintiff fails to allege Eightpoint Technologies exercised any dominion or control over Spigot, that Spigot was organized or used for a fraudulent or improper purpose, or that the fraudulent or improper use of the forum caused injury to Plaintiff. *See* [D.E. 1].

Plaintiff's failure to allege a special relationship to create a duty on behalf of Eightpoint Technologies or to allege facts that support piercing the corporate veil is fatal to her negligence claim against Eightpoint Technologies and the same should be dismissed with prejudice.

### 2. *Plaintiff Fails to State a Claim for Vicarious Liability Against Eightpoint Technologies (Count VII).*

Plaintiff seeks to hold Eightpoint Technologies vicariously liable for its employees' conduct, which Plaintiff cannot do unless she first shows that an Eightpoint Technologies employee is liable.

To establish vicarious liability under a respondeat superior theory, a plaintiff must show that an employee is liable for negligent acts committed within the course and scope of employment. *Tsuji v. Fleet*, 366 So. 3d 1020, 1032 (Fla. 2023). "If a party fails to do so, thus exonerating the employee, 'a principal cannot be held liable' either."

*Id.*; *see Doe v. Hernando Cnty. Sch. Dist.*, 2024 WL 3953093, at *10 (M.D. Fla. Aug. 26, 2024) (finding plaintiff failed to allege any specific actions by the employees of defendants that breached a duty of care when performing acts within the scope of their employment). "An action falls within the scope of employment if the conduct (1) is of the kind the employee was employed to perform; (2) occurred within the time and space limits of the employee's employment; and (3) was activated at least in part by a purpose to serve the employment." *Hernando Cnty. Sch. Dist.*, 2024 WL 3953093, at *10 (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009)).

Here, Plaintiff's claim for vicarious liability against Eightpoint Technologies fails because Plaintiff does not establish any Eightpoint Technologies employee is liable to Plaintiff. In a conclusory fashion, Plaintiff alleges "Eightpoint is vicariously liable for the negligent acts of their CEO and other employees who were present at the Spigot Holiday Party . . . ."[3] [D.E. 1 at ¶ 166]. The alleged negligent acts that Eightpoint Technologies employees and Eightpoint Technologies' "CEO" committed are failing to exercise reasonable care, failing to warn Plaintiff, failing to intervene and prevent Lu from leaving the Spigot Holiday Party with Plaintiff, and failing to properly investigate Lu in 2019. *Id.*

---

[3] Similar to her erroneous Corporate Structure illustration, Plaintiff's allegations are again incorrect as no employee of Eightpoint Technologies has ever held the title of "CEO". Nonetheless, even accepting Plaintiff's erroneous allegations as true for purposes of this motion only, her claim for vicarious liability against Eightpoint Technologies still fails as a matter of law.

However, Plaintiff fails to allege that any of these alleged acts were within the scope of employment for Eightpoint Technologies employees. For example, Plaintiff alleges that Eightpoint Technologies' "CEO" was negligent but, again, fails to allege that the Eightpoint Technologies "CEO's" "negligent" actions were acts that fall within the "CEO's" duties as an officer of the company. [D.E. 1 at ¶ 166]. Moreover, Plaintiff also fails to identify any specific Eightpoint Technologies employees, even failing to name its supposed "CEO."

Importantly, Plaintiff's claim for vicarious liability does not seek to hold Eightpoint Technologies vicariously liable for Lu's actions because Plaintiff knows she cannot establish that Lu was an employee or agent of Eightpoint Technologies. Rather, Plaintiff seeks to hold Eightpoint Technologies vicariously liable for alleged negligent acts by unnamed Eightpoint Technologies employees, against which no causes of action are brought or have been adjudicated on the merits. Such a theory of relief is not recognized under Florida law for vicarious liability. *See Mallory v. O'Neil*, 69 So. 2d 313, 315 (Fla. 1954) (stating "if the employee is not liable the employer is not liable" under the doctrine of respondeat superior).

Plaintiff's failure to establish an Eightpoint Technologies employee's liability for negligence is fatal to her claim for vicarious liability and the same must be dismissed with prejudice.

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

### 3. *Plaintiff Fails to State a Claim for Negligent Retention Against Genimous Interactive (Count VIII).*

Plaintiff's Complaint fails to state a claim against Genimous Interactive for negligent retention, warranting dismissal under Rule 12(b)(6).

"To state a cause of action for negligent supervision or negligent retention, claimants must assert the following: (1) the existence of a relationship that gives a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach." *McKenzie v. United States Tennis Assoc. Inc.*, 2023 WL 3058036, at *3 (M.D. Fla. Apr. 24, 2023); *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 888 (11th Cir. 2007). "Negligent retention occurs 'after employment begins, where the employer knows or should know of the employee's unfitness and fails to take further action such as investigating, discharge or reassignment.'" *Murphy v. Carnival Corp.*, 426 F. Supp. 3d 1288, 1292 (S.D. Fla. 2019) (quoting *Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016)).

Here, Plaintiff fails to satisfy the first element to establish a claim for negligent retention against Genimous Interactive. Plaintiff has not and cannot allege a relationship existed that creates for Genimous Interactive a legal duty to supervise Lu, the non-executive chairman of the board of directors of Genimous Technology, which is an indirect parent company of Genimous Interactive. Plaintiff has not and cannot allege any form of "special relationship" between Genimous Interactive and Lu that would impose a duty on Genimous Interactive to supervise Lu. *Ademiluyi*, 2017 WL 3022330, at *4 (stating that special relationships recognized by Florida courts include:

employer-employee; landlord-tenant; landowner-invitee; and school-minor student). In simple terms, Plaintiff seeks to hold Genimous Interactive liable for retaining Lu even though (1) Lu held no position with Genimous Interactive, and (2) Genimous Interactive has no power or authority to direct its indirect parent company, Genimous Technology, to terminate Lu as the non-executive chairman of that company's board of directors. This argument is nonsensical and legally untenable.

Plaintiff's claim for negligent retention must be dismissed with prejudice because Genimous Interactive has no control over the retention of Lu as the non-executive chairman of the board of directors of Genimous Technology.

### C. The Court Should Dismiss the Complaint with Prejudice Because there is No Set of Facts that Would Entitle Plaintiff to Relief

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005). However, leave to amend is not warranted when: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (internal citation omitted).

Here, amendment of the Complaint would be futile because Plaintiff's claims fail as a matter of law under any construction of the facts. As stated above, Plaintiff's inability to allege a legally recognized special relationship to create a duty on behalf of Eightpoint Technologies or to allege facts that support piercing the corporate veil is

fatal to her negligence claim against Eightpoint Technologies. Plaintiff's claim for vicarious liability against Eightpoint Technologies fares no better. Plaintiff's inability to establish that an Eightpoint Technologies employee is liable for negligence and that her harm is the direct result of said negligence means that she cannot recover as a matter of Florida law. Lastly, Plaintiff has not and cannot allege that a legally recognized special relationship existed that such that Genimous Interactive had a legal duty to supervise Lu, the non-executive chairman of the board of directors of Genimous Technology, which is an indirect parent company of Genimous Interactive. This, too, is fatal to her claim for negligent retention against Genimous Interactive. Therefore, amendment would be futile and the Court should dismiss Plaintiff's Complaint against Eightpoint Technologies and Genimous Interactive with prejudice.

## CONCLUSION

Based upon the foregoing, the Moving Defendants respectfully ask this Honorable Court to enter an Order: (i) granting this motion and dismissing the Complaint against Eightpoint Technologies and Genimous Interactive with prejudice and (ii) for any such further relief as the Court deems necessary and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

I HEREBY CERTIFY that, on January 12, 2026, counsel for the Moving Defendants attempted to confer with Plaintiff's counsel via email regarding the issues raised herein. Defendants have not been able to complete their conferral with Plaintiff's counsel but will continue such efforts within the time permitted under Local

Rule 3.01(g)(3).

Respectfully submitted this 12th day of January, 2026.

                                                                               */s/ Julian A. Jackson-Fannin*
                                                                               Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Niko A. Gounaris, Esq.
Florida Bar No. 1059351
DUANE MORRIS LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com

*Counsel for Defendants Genimous Interactive Investment Co., Ltd. and Eightpoint Technologies Ltd. SEZC*

DM2\301275022.1