THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Jane Doe,                                          CASE NO: 2:25-cv-01091-JES-DNF

    Plaintiff,

vs.

Genimous Interactive Investment Co., Ltd.,
Eightpoint Technologies Ltd. SEZC, and
Eightpoint Interactive, Inc. f/k/a Spigot, Inc.

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

COMES NOW the Defendant, Eightpoint Interactive, Inc. f/k/a Spigot, Inc. ("Spigot"), by and through its undersigned attorneys, and files this Motion to Dismiss and Strike, and in support thereof states as follows:

1. Plaintiff has anonymously filed a seven-count Complaint against Defendants (Plaintiff's Complaint is missing a Count IV) whom she named on the face of the Complaint, accusing them of a multitude of claims including a sex trafficking venture, negligence, negligent retention/supervision, and vicarious liability.

2. Plaintiff's Complaint should be dismissed as she has failed to identify herself in the caption of the Complaint, in violation of Fed. R. Civ. P 10(a) and Fla. R.

Civ. P. 1.100(c)(1), which require a party filing a civil action to disclose his or her name in the complaint. "Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, . ."

3. Fed. R. Civ. P. 10(a), cited in Plaintiff's Complaint as authority for allowing her to file and prosecute anonymously is inapplicable to this action. Plaintiff has not filed a motion to proceed anonymously in this proceeding, and to afford her the privilege of maintaining anonymity while specifically naming Defendants in a public lawsuit would be wholly improper.

4. Generally, parties to lawsuits must identify themselves in their respective pleadings, and it is an exceptional case in which a plaintiff may proceed under a fictitious name. This rule protects the public's interest in knowing what the judicial system is doing, and prevents litigation from being conducted in secret. Personal embarrassment alone does not permit one to proceed under a pseudonym. <u>Doe v. Frank,</u> 951 F.2nd 320 (11th Cir. 1992); <u>Doe v. Shakur,</u> 164 F.R.D. 359 (S.D. N.Y. 1996).

5. The filing of a civil action against a defendant may damage its reputation until the case is resolved, leading to adverse publicity and the forced disclosure of certain public information. Basic fairness dictates that a defendant's accuser who wishes to participate in a suit as a party plaintiff must do so under her

real name. Plaintiff B v. Francis, No. 08-79, 2010 WL 503067 (N.D. Fla. 2010). This is particularly true under the circumstances of this case where no criminal prosecution was filed, and Plaintiff is attempting to try her case in the media, and advertising within the media about this case, while hiding behind her "Jane Doe" identity.

6. Plaintiff is an adult who has chosen to bring this lawsuit. She has made serious charges and has put her credibility in issue. Fairness requires that she be prepared to stand by her charges publicly. This is a civil suit for damages where the Plaintiff is acting solely in her own interests. This is not a criminal case where rape shield laws might provide anonymity to encourage victims to testify to vindicate the public's interest in enforcement of the laws.

7. The Defendants have been publicly accused by Plaintiff. If the Plaintiff is permitted to prosecute this action anonymously, the Defendants will be placed at a serious disadvantage, for they will be required to defend themselves publicly while the Plaintiff will be allowed to make her accusations behind a cloak of anonymity. Shakur, supra. See also, Rose v. Beaumont Independent School District, 240 F.R.D. 264 (E.D. Tex. 2007) (where a party brings a civil action of her own volition to vindicate her own interests, fairness usually dictates that such a plaintiff stand behind her charges publicly); and Doe v. Kidd, 860 N.Y.S. 2nd 866, 871 (S.Ct. N.Y. 2008) ("The use of fictitious names has been

noted to run afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment, U.S. Constit. amend. I.").

8. Plaintiff's Complaint also contains scandalous and bellicose language that is unnecessary to state any of the causes of action alleged. A complaint in a lawsuit is not a press release designed to plead a litigant to victory. <u>Rapp v. Jews for Jesus, Inc.,</u> 944 So. 2d 460, 463-64 (Fla. 4th DCA 2006) <u>decision quashed on other grounds sub nom. Jews For Jesus, Inc. v. Rapp,</u> 997 So. 2d 1098 (Fla. 2008).

9. Accordingly, the following language in Plaintiff's Complaint should be stricken:

(a) Plaintiff refers to Hongda Lu as a "billionaire".

(b) That Defendants have "accepted" Hongda Lu's sexual behavior

(c) That Defendants allowed Hongda Lu to "prey upon young women"

(d) That Defendants allowed Hongda Lu to "rape" women; and

(e) Plaintiff's repeated references to alleged acts as "illegal" or as "crimes."

10. The characterization of the alleged acts as criminal or illegal is unnecessary to state any of the alleged causes of action and, importantly, has no basis in fact. Neither the Defendants, nor Hongda Lu himself, have been convicted of or charged with any crime related to the events alleged in the Complaint. These references should be stricken as inflammatory and immaterial to any cause of action claimed by Plaintiff.

WHEREFORE, Defendant, Eightpoint Interactive, Inc. f/k/a Spigot, Inc., respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint unless and until she comes forward and prosecutes these claims with her full name, and/or striking the above-described redundant, immaterial, impertinent, and scandalous language.

### LOCAL RULE 3.01(g) CERTIFICATE

I hereby certify that on January 19, 2026, undersigned counsel attempted to confer with Plaintiff's counsel via email regarding the issues raised herein and Plaintiff's counsel does not agree to the requests contained within the above-referenced Motion.

Respectfully submitted:
/s/ *Jesse Gubernat*
Jesse Gubernat, Esquire
Florida Bar No: 55928
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-jgubernat@bankerlopez.com
*Attorneys for Defendant, Spigot*

And

/s/ *Michael Corso*
Michael Corso, Esquire
Florida Bar No: 228729
HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
1715 Monroe Street

Fort Myers, FL  33901  
Tel No:  (239) 244-1170  
Fax No: (239) 344-1170  
Email: michael.corso@henlaw.com  
*Attorneys for Defendant, Spigot*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically served via the Court's CM/ECF System, this 26th day of January, 2026, on the following counsel of record identified below:

Bradley Edwards  
Brittney Henderson  
Edwards Henderson  
425 N. Andrews Ave., Suite 2  
Fort Lauderdale, FL 33301  
(954) 524-2820  
Fax: (954) 524-2822  
Email: brad@cvlf.com  
brittany@cvlf.com  
ecf@cvlf.com  
*Counsel for Plaintiff*


Julian A. Jackson-Fannin  
Niko A. Gounaris  
Duane Morris LLP  
201 South Biscayne Blvd, Suite 3400  
Miami, FL 33131  
(561) 962-2108  
Email: JJFannin@duanemorris.com  
Counsel for Defendants Genimous and Eightpoint Technologies Ltd.

/s/ *Jesse Gubernat*  
Jesse Gubernat, Esquire  
Florida Bar No: 55928

        BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-jgubernat@bankerlopez.com
*Attorneys for Defendant, Spigot*

And

/s/ *Michael Corso*
Michael Corso, Esquire
Florida Bar No: 228729
HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
1715 Monroe Street
Fort Myers, FL  33901
Tel No:  (239) 244-1170
Fax No: (239) 344-1170
Email: michael.corso@henlaw.com
*Attorneys for Defendant, Spigot*