```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JANE DOE,

       Plaintiff,

v.                              Case No: 2:25-cv-1091-JES-DNF

GENIMOUS INTERACTIVE
INVESTMENT CO., LTD.,
EIGHTPOINT TECHNOLOGIES LTD.
SEZC, EIGHTPOINT
INTERACTIVE, INC. f/k/a
Spigot, Inc.,

       Defendants.

_____

**ORDER**

This matter comes before the Court on defendant Eightpoint Technologies Ltd. SEZC's Motion to Quash Service of Process (Doc. #30) filed on January 12, 2026. Plaintiff filed a Response in Opposition (Doc. #38) on January 26, 2026.

Without waiving personal jurisdiction or other arguments presented by separate motions,[1] defendant seeks to quash service of process as defective because plaintiff failed to perfect international service of process on Eightpoint Technologies, a foreign corporation located in the Caymen Islands. In response, plaintiff indicates that as of the filing of the response, proper

---

[1] Defendant has also filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #29), Motion to Dismiss (Doc. #31) for failure to state a claim, and a Motion to Dismiss and Motion to Strike (Doc. #37).

service of process was executed pursuant to the Hague Service Convention. "Where service is 'insufficient but curable,' courts 'generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" Edwards-Conrad v. S. Baptist Hosp. of Fla., Inc., No. 3:13-CV-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013) (quoting Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir. 1991)).

Accordingly, it is hereby

**ORDERED:**

Defendant Eightpoint Technologies Ltd. SEZC shall notify the Court within **SEVEN (7) DAYS** of this Order whether the Motion to Quash Service of Process (Doc. #30) is now moot.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of February 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiffs
Counsel of Record