UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

    Plaintiff,

v.                             Case No: 2:25-cv-1091-JES-DNF

GENIMOUS INTERACTIVE INVESTMENT CO., LTD., EIGHTPOINT TECHNOLOGIES LTD. SEZC, EIGHTPOINT INTERACTIVE, INC. f/k/a Spigot, Inc.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants Genimous Interactive Investment Co., Ltd. and Eightpoint Technologies Ltd. SEZC's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. #29) filed on January 12, 2026. Plaintiff filed a Response in Opposition (Doc. #39) on January 30, 2026.

On November 25, 2025, Plaintiff Jane Doe[1] filed a Complaint (Doc. #1) against Genimous Interactive Investment Co., Ltd.

---

[1] Plaintiff's Motion for Leave to Proceed Anonymously (Doc. #33) is pending review.

(Genimous Interactive), Eightpoint Technologies Ltd. SEZC (Eightpoint), and Eightpoint Interactive, Inc. f/k/a Spigot, Inc. (Spigot) alleging a violation of the Trafficking Victims Protection Reauthorization Act (TVPRA) (18 U.S.C. § 1595)[2], and state claims for negligence and vicarious liability arising from a sexual battery that occurred on December 9, 2023, in Fort Myers, Florida. Defendants Genimous Interactive and Eightpoint argue that the Complaint does not contain any allegations of personal jurisdictional over them, and that defendants are not subject to personal jurisdiction under Florida's long-arm statute because they have no substantial activities in Florida or minimum contacts to establish specific jurisdiction over the foreign corporations. For the reasons set forth below, the motion is granted.

"A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82, 95 (2017). See also Fuld v. Palestine Liberation Org., 606 U.S. 1, 11 (2025) ("[A] court must have power over the parties before it (personal jurisdiction)

---

[2] Plaintiff mistakenly refers to the "TVPA", which is the Torture Victim Protection Act, 28 U.S.C. § 1350.

before it can resolve a case.")  Federal Rule of Civil Procedure Rule 12(b)(2) allows a defendant to file a motion to dismiss based on a lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted).  See also N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co., Ltd., 124 F.4th 1322, 1333 (11th Cir. 2025) (plaintiff bears the initial burden); Trump v. Clinton, 161 F.4th 671, 687 (11th Cir. 2025) ("To survive a motion to dismiss for lack of personal jurisdiction, a complaint must allege 'sufficient facts to make out a prima facie case of jurisdiction.'" (citing Mazer, at 1274)).

    The Complaint (Doc. #1) alleges that at all relevant times plaintiff was a 27-year-old living in Lee County, Florida when she was raped by Hongda Lu (Lu), a citizen of China employed as the Chairman of Genimous Technology Co., Ltd.[3], the main parent company

---

[3] Genimous Technology Co., Ltd. is the parent company of Genimous Investment (Hong Kong) Co., Ltd., which is the parent company over Genimous Interactive Co., Ltd., and its subsidiaries Eightpoint and Spigot both fall under Genimous Interactive.  (Doc.

of all three defendants.  (Doc. #1, ¶¶ 5-6.)  The Complaint contains no specific paragraphs asserting personal jurisdiction over any of the defendants.  The factual allegations refer to the "Corporate Defendants" collectively.[4]  (Id. at 14-16, 19-22, 24, 27, 29, 30, 35, 40-52, 65, 67-68, 78-88.)

The Court finds that the facts alleged are insufficient to demonstrate personal jurisdiction over the foreign defendants Genimous Interactive and Eightpoint as there are no specific allegations of their activities, ties, or connections with Florida except in a collective capacity with Spigot.  While there appear to be sufficient facts specific to Spigot, the only defendant with a tie to Florida, the Court finds that the motion is otherwise due to be granted for lack of personal jurisdiction.  The Court will grant plaintiff an opportunity to amend.  In doing so, plaintiff should be mindful of the need to separate the allegations as to each defendant.

---

#1, ¶ 8.)

[4] The Court notes that by clumping the defendants together, counsel probably has committed "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

Accordingly, it is hereby

**ORDERED**:

1. Defendants Genimous Interactive Investment Co., Ltd. and Eightpoint Technologies Ltd. SEZC's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. #29) is **GRANTED** without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order as to all defendants.

2. Defendants Genimous Interactive and Eightpoint's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #31) is **DENIED** as moot.

3. Defendant Spigot's Motion to Dismiss and Motion to Strike (Doc. #37) is **DENIED**.  The motion to dismiss for failing to identify plaintiff by name is denied, but that subject will be addressed in the separately pending Motion for Leave to Proceed Anonymously (Doc. #33).  The motion to strike is moot as plaintiff is required to amend the Complaint.

4. Defendants Genimous Interactive and Eightpoint's Joint Motion for Leave to File a Reply (Doc. #48) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of February 2026.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiffs
Counsel of Record