**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

Jane Doe,

    Plaintiff,

v.

Eightpoint Technologies Ltd. SEZC, and
Eightpoint Interactive, Inc. f/k/a Spigot, Inc.

    Defendants.

Case No.: 2:25-cv-01091-JES-DNF

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY DEADLINES

Plaintiff, Jane Doe ("Plaintiff"), by and through her undersigned counsel, files this Response in Opposition to Defendants, Eightpoint Technologies Ltd. SEZC's ("Eightpoint") and Eightpoint Interactive, Inc. f/k/a Spigot ("Spigot") Joint Motion to Stay Discovery Deadlines, [DE 66].

## FACTUAL BACKGROUND

Defendants' Joint Motion to Stay Discovery Deadlines disregards the intended operation of the Federal Rules of Civil Procedure. The filing of a Motion to Dismiss—under either a 12(b)(6) or a 12(b)(2) Motion to Dismiss—does not absolve a party from their discovery obligations. A stay of discovery is an extraordinary remedy that Defendant is unable to justify.

For context, Plaintiff filed her first Complaint on November 25, 2025, [DE 1]. Shortly thereafter, Defendant, Spigot, filed a Motion to Dismiss Plaintiff's Complaint, on January 26, 2026, [DE 37], predicated on Plaintiff's Complaint being filed under a pseudonym. Defendant, Eightpoint also filed two separate Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). This Honorable Court denied Spigot's Motion to Dismiss but granted

1

Eightpoint's Motion on jurisdictional grounds and ordered Plaintiff to amend her Complaint to cure any jurisdictional deficiencies. [DE 49]. Plaintiff filed her Amended Complaint on February 24, 2026, adding significant information related to Eightpoint's jurisdictional basis. [DE 51]. Defendant, Spigot, proceeded to improperly file a successive Rule 12 Motion—barred under the Federal Rules—while Eightpoint filed renewed Motions to Dismiss pursuant to 12(b)(6) and 12(b)(2). [DE 52, 53, 54].

While Spigot already had its initial Motion to Dismiss denied and lacks a basis to stay discovery as further outlined below, Eightpoint's renewed Motion to Dismiss is supposed by a declaration from Eightpoint's current President, that is at best, incomplete. Specifically, the declaration omits the material fact that the President himself was personally in attendance at the party, alongside other high-ranking Eightpoint employees despite the declaration's implicit suggestions that such circumstances would never arise. These omissions are significant and undercut the credibility of Eightpoint's jurisdictional arguments, a key factor while evaluating the instant Motion to Stay. Not only do they directly undercut the credibility of Eightpoint's jurisdictional arguments, but they bolster the merits of Plaintiff's claims, and they collectively demonstrate why staying discovery pending resolution of the Motions to Dismiss would be both premature and prejudicial given the inherent importance of obtaining discovery to prove both jurisdictional issues and the merits of the case.

## <u>MEMORANDUM OF LAW</u>

Defendants have failed to demonstrate that good cause exists to stay the discovery deadlines. Spigot's Motion to Dismiss has already been denied and now argues that their improper, successive Rule 12 Motion, on its face somehow warrants a stay of discovery deadlines. With respect to Eightpoint, the jurisdictional deficiencies noted by the Court in its Order have since been

cured and additional key information included related to their president and other high-level employees' attendance at the Office Holiday Party in Florida, which is the subject of the litigation.

## I.      Legal Standard

Motions to Stay Discovery are not favored because when discovery is delayed or prolonged, it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 2011). Accordingly, a request to stay all discovery pending resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case. *Id*.

While it is true that the Court has broad power to stay discovery, in deciding whether to stay discovery awaiting resolution of a pending motion to dismiss, the Court must inevitably balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Id*. "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be **clearly meritorious and truly case dispositive**." *Id*. **(emphasis added**) at 652-53. However, discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made. *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 28607617, at *2 (S.D. Fla. June 20, 2014). Moreover, the mere fact that the Motion to Dismiss is predicated on personal jurisdiction does not impose any sort of a heightened standard or requirement that Defendant Eightpoint suggests should be applied to a 12(b)(2) Motion versus that of a 12(b)(6). *See Wiand v. ATC Brokers, Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373 at *2 (M.D. Fla. Apr. 27, 2022) (denying defendant's motion to stay discovery

pending the resolution of defendant's motion to dismiss pursuant to personal jurisdiction). As a result, the proponent of the stay bears the burden of demonstrating its necessary, appropriateness, and reasonableness. *Ray v. Spirit Airlines Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012). Defendants have failed to demonstrate that burden in their Motion.

**II.    Defendants Have Failed to Demonstrate a Stay Is Warranted.**

Defendants' Joint Motion is void of any argument and demonstration of burden that this Honorable Court requires. *Wiand*, 2022 WL 1239373 at *2 (reinforcing that the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness); *compare with* Def. Mot. To Stay [DE 66]. Defendants' Motion only argues that the good cause to extend discovery deadlines is predicated on the pending Motions to Dismiss. DE 66 at 5. However, there is no rule that discovery be stayed pending resolutions of a Motion to Dismiss. *Wiand*, 2022 WL 1239373 at *2 (citing *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 21, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasma* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 29606719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any per se requirements to stay discovery pending resolution of a dispositive motion.")). Consequently, Defendants' sole argument that there exist pending Motions to Dismiss this case is insufficient to demonstrate the burden this Court requires.

Spigot is procedurally barred from seeking a stay of discovery at this juncture. Spigot has already filed a Motion to Dismiss this action [DE 37], which was denied by the Court [DE 49]. Spigot then attempted to take an impermissible second bite at the apple by filing a second Motion

to Dismiss [DE 52], which raised new arguments that were legally required to be raised in the first Motion to Dismiss. Though procedurally barred from reasserting this defense, Spigot nevertheless represents to the Court that its Motion would "dispose of this case" so as to warrant a stay of discovery. A motion that is both procedurally improper and would substantively fail on the merits, cannot, by definition, satisfy the threshold for a discovery stay.

As for Eightpoint, without rehashing the arguments identified in Plaintiff's Opposition to Defendant's 12(b)(2) Motion to Dismiss, Plaintiff has conducted a more fulsome investigation into the function of the company and its contacts with both Spigot and the state of Florida. Based on that investigation, Plaintiff has substantially revised her complaint to include ample allegations to survive, or at the very least has established that jurisdictional discovery is necessary prior to the Court's dismissal of her claims based on jurisdictional grounds. This position is highlighted by the deficiencies highlighted in the affidavit submitted to the Court by Eightpoint, which undermines Eightpoint's jurisdictional arguments and strengthens the basis for this Court's exercise of personal jurisdiction. Consequently, it is not apparent from either of Eightpoint's Motion to Dismiss, nor have Defendants met their burden of demonstrating, that their respective claims are "clearly meritorious and case dispositive" so as to warrant a stay of discovery deadlines. *Feldman*, 176 F.R.D. at 652.

## **CONCLUSION**

Defendants ask this Court to ignore Eleventh circuit precedent while at the same time failing to satisfy their burden in demonstrating that good cause exists to stay discovery deadlines in this matter. Spigot's request to stay is predicted on a procedurally barred successive Rule 12 Motion that should not be taken into consideration, while Eightpoint's challenges have been significantly undermined by the discovery of their own president's presence in Florida at the event

giving rise to this litigation. Accordingly, the Defendants have failed to demonstrate that their claims are clearly meritorious and case dispositive as this Court requires. Accordingly, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Stay Discovery in its entirety.

## LOCAL RULE 3.01(G) CERTIFICATE

I HEREBY CERTIFY that on April 23, 2026, under Local Rule 3.01(g)(3), Counsel for Plaintiff conferred with counsel for the Defendants on April 22, 2026, who oppose Plaintiff's Opposition to Defendants' Motion.

Dated: April 23, 2026.

> Respectfully Submitted,
> Edwards Henderson
>
> By: */s/ Brittany Henderson*
> Bradley J. Edwards
> Brittany N. Henderson
> 425 N. Andrews Ave., Suite 2
> Fort Lauderdale, FL 33301
> (954)-524-2820
> Fax: (954)-524-2822
> Email: brad@cvlf.com
>        brittany@cvlf.com
>        ecf@cvlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of Aprils 2026, a true and correct copy of the foregoing was served through CM/ECF portal which will automatically serve a copy to attorneys of record.

Jesse Gubernat, Esquire
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL 33916
Email: service-jgubernat@bankerlopez.com

*Attorneys for Defendant, Eightpoint Interactive, Inc., f/k/a Spigot, Inc.*

Julian A. Jackson-Fannin, Esq.
DUANE MORRIS LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Tel: 561.962.2108
jjfannin@duanemorris.com
pnmendoza@duanemorris.com
pmacedo@duanemorris.com

6

Christopher W. Healy, Esq.
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY  10017-4669
CWHealy@duanemorris.com

Kevin E. Vance, Esq.
DUANE MORRIS LLP
Boca Center Tower II
5100 Town Center Circle, Suite 400
Boca Raton, FL 33486-1008
kevance@duanemorris.com
pnmendoza@duanemorris.com
mlchapski@duanemorris.com

*Counsel for Defendants Eightpoint Technologies Ltd. SEZC*


*/s/ Brittany Henderson*
Brittany Henderson