UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:25-CV-01091-JES-DNF

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Eightpoint Technologies Ltd. SEZC, and | ) |
| Eightpoint Interactive, Inc. f/k/a Spigot, Inc. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANT EIGHTPOINT TECHNOLOGIES LTD. SEZC'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

Defendant, EIGHTPOINT TECHNOLOGIES LTD. SEZC ("*Eightpoint Tech*"), pursuant to this Court's Order [D.E. 70], files its Reply in Support of Eightpoint Tech's Motion to Dismiss Plaintiff, Jane Doe's ("*Plaintiff*"), Amended Complaint ("*Amended Complaint*") [D.E. 51] Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("*Motion*") [D.E. 53]. In support thereof, Eightpoint Tech states as follows:

1

## MEMORANDUM OF LAW

### A. Plaintiff Improperly Introduces New "Facts" Not Raised in the Amended Complaint.

The Court should disregard the brand new, unpleaded "facts" Plaintiff introduces in her response to Eightpoint Tech's Motion because it is procedurally improper.

"[I]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss . . . ." *Orta v. City of Orlando*, 2015 WL 2365834, at *5 n.3 (M.D. Fla. May 18, 2015) (quoting *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004)); *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1342 (M.D. Fla. 2017) (citing *Orta*, 2015 WL 2365834, at *5 n.3).

In her Response in Opposition to Eightpoint Tech's Motion to Dismiss for Lack of Personal Jurisdiction ("***Response***"), Plaintiff introduces several new "facts" in an attempt to create a basis for jurisdiction over Eightpoint Tech when none exists. [D.E. 57]. Specifically, Plaintiff states that Thomas Redford ("***Redford***"), Cody Miller, Keith Pierce, Romella Douglas, and Andrei Baicoianu were present at the Spigot Holiday Party. *Id.* at 7. However, Plaintiff's Amended Complaint fails to allege these individuals were present at the Spigot Holiday Party. *Compare id.* (introducing new facts that five Eightpoint Tech employees were at the Spigot Holiday Party) *with* [D.E. 51 at ¶¶ 34, 83, 89, 164, 169, 182, 189, 196] (alleging that Cody Mahaffey was present at the Spigot Holiday Party). Plaintiff cannot introduce new "facts" that are not within

2

the four corners of the Amended Complaint without seeking leave for further amendment, which she did not do.

Nor can Plaintiff cure that defect with Composite Exhibit A. The exhibit consists of photographs and screenshots tendered without any authenticating affidavit, declaration, or other sworn foundation identifying who is depicted, when, where, or by whom the images were taken. That is not the "competent evidence" required to substantiate jurisdictional allegations once Eightpoint Tech's Declaration shifted the burden. *See Hinkle v. Cont'l Motors, Inc.*, 2018 WL 10096594, at *3 (M.D. Fla. July 12, 2018). And in any event, even if credited at face value, the mere presence of employees at a Spigot-hosted event would not establish a corporate jurisdictional contact attributable to Eightpoint Tech, which had no role in planning, authorizing, funding, or supervising the Spigot Holiday Party. [D.E. 53-1 at ¶ 18].

Accordingly, the Court should disallow Plaintiff's introduction of unpleaded facts because it is procedurally improper and should not consider them in evaluating whether it can exercise personal jurisdiction over Eightpoint Tech.

**B. Plaintiff Cannot Establish General Personal Jurisdiction Through an Agency Theory.**

Even if, for argument's sake, Plaintiff sufficiently alleges an agency relationship involving Eightpoint Tech (which she cannot), agency relationships are insufficient to establish general jurisdiction over a foreign defendant.

"A corporation's place of incorporation and its principal place of business are 'the paradigm forum[s] for the exercise of general jurisdiction . . . .'" *RG Golf*

3

*Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1234 (M.D. Fla. 2019) (Steele, J.) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "Only in 'exceptional' cases will a 'corporation's operations in a forum other than its formal place of incorporation or principal place of business [] be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* (Steele, J.) (quoting *Daimler*, 571 U.S. at 139 n.19). Once the Supreme Court decided *Daimler*, attempting to establish general jurisdiction through an agency theory is "dubious" at best. *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1336 (S.D. Fla. 2016).

Here, Eightpoint Tech is a Cayman Islands company with its principal place of business located in the Cayman Islands. [D.E. 53-1 at ¶ 4]. Since Eightpoint Tech's principal place of business and place of incorporation are in the Cayman Islands, Plaintiff must make an "exceptional case" that Eightpoint Tech's operations in Florida are "so substantial" as to render Eightpoint Tech at home in Florida. *Golf Warehouse, Inc.*, 362 F. Supp. 3d at 1234. However, Plaintiff's Response presents no evidence showing that Eightpoint Tech's business activities in Florida are "so substantial." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) (stating "the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."); *Hinkle*, 2018 WL 10096594, at *3 (M.D. Fla. July 12, 2018) ("If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own.").

Instead, Plaintiff asserts that Eightpoint Tech is subject to general jurisdiction in Florida because Spigot is its agent. [D.E. 57 at 8]. Plaintiff's utilization of an agency theory to establish general jurisdiction is the exact approach the *Daimler* court disapproved. *Daimler*, 571 U.S. at 134-39. Further, Plaintiff cites no cases decided after *Daimler* that permit courts to exercise general jurisdiction through an agency theory. [D.E. 57 at 8].

Accordingly, Plaintiff's attempt to establish general jurisdiction over Eightpoint Tech through an agency theory fails because such a theory is unsupported by law.

**C. Eightpoint Tech's Declaration is Sufficient to Shift the Burden to Plaintiff to Support Her Jurisdictional Allegations with Evidence.**

Eightpoint Tech's affidavit in support of its Motion is sufficient to shift the burden to Plaintiff to substantiate her jurisdictional allegations with evidence.

"If the defendant sufficiently challenges plaintiff's assertion by way of affidavits *or other pleading*, the plaintiff must then affirmatively support its jurisdictional allegations and may not merely rely on the allegations of the complaint." *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 586 (M.D. Fla. 1991) (emphasis in original). However, the burden does not shift back to a plaintiff if "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

Here, Plaintiff argues that the assertions in Eightpoint Tech's declaration are conclusory and that it is "questionable" whether the affidavit shifts the burden to

5

Plaintiff. However, Plaintiff cites *no cases* supporting this assertion. Moreover, Plaintiff failed to affirmatively support her jurisdictional allegations against Eightpoint Tech with evidence in her Response. [D.E. 57]; *Hinkle*, 2018 WL 10096594, at *3.

Regardless, Eightpoint Tech's declaration is made by Redford, who has personal knowledge of the facts in his declaration. [D.E. 53-1 ¶ 2]. Redford's declaration also refutes any agency or alter-ego theory alleged by Plaintiff. Specifically, Redford testifies that Eightpoint Tech "never used Spigot as its operational arm and instrumentality in the United States," and "Spigot maintains its own independent corporate operations and management and is not directed or controlled by Eightpoint Tech [] in its day-to-day business activities." *Id.* at ¶ 12.

Moreover, Redford's declaration addresses three main points raised in Plaintiff's Amended Complaint. First, Eightpoint Tech "has not assisted in the planning, authorizing, funding, or supervising" of the Spigot Holiday Party. [D.E. 53-1 at ¶ 18]. Second, Eightpoint Tech does not control Spigot's day-to-day management or Spigot's corporate governance. *Id.* at ¶¶ 14, 16. Third, Cody Mahaffey was not an employee at the time of the Spigot Holiday Party. *Id.* at ¶¶ 19-20. As such, Plaintiff's allegations attempting to establish jurisdiction over Eightpoint Tech through alter-ego and agency theories are refuted by specific non-conclusory factual assertions.

Redford's declaration is sufficient to shift the burden to Plaintiff to support her jurisdictional allegations. Redford's declaration is sufficient because it does not contain conclusory assertions that Eightpoint Tech is not subject to jurisdiction. Instead, Redford's declaration refutes Plaintiff's agency and alter-ego theories and

6

refutes Plaintiff's allegations regarding Eightpoint Tech's control over Spigot. However, in her Response, Plaintiff presented no evidence supporting her jurisdictional allegations. Accordingly, Plaintiff is unable to establish jurisdiction under Florida's long-arm statute.

## CONCLUSION

Based upon the foregoing, Defendant, Eightpoint Technologies Ltd. SEZC respectfully requests this Honorable Court to enter an Order: (i) dismissing Plaintiff's Amended Complaint for lack of personal jurisdiction with prejudice; and (ii) for any such further relief as the Court deems necessary and proper.

Respectfully submitted this 5th day of May, 2026.

/s/ Julian A. Jackson-Fannin
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Niko A. Gounaris, Esq.
Florida Bar No. 1059351
DUANE MORRIS LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Tel:  561.962.2108
JJFannin@duanemorris.com
NGounaris@duanemorris.com

Counsel for Defendant Eightpoint
Technologies Ltd. SEZC

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of May 2026, a true and correct copy of the foregoing was served via electronic mail upon all counsel of record.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.

DM1\301819333.2

8