**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JANE DOE,

Plaintiff,

v. Case No. 2:25-cv-1091-SPC-KRH

EIGHTPOINT TECHNOLOGIES LTD. SEZC, and EIGHTPOINT INTERACTIVE, INC. f/k/a SPIGOT, INC.,

Defendants.
_______________________________/

**ORDER**

This matter is before the Court on Defendants Eightpoint Technologies Ltd. SEZC ("Eightpoint Tech") and Eightpoint Interactive, Inc. f/k/a Spigot, Inc.'s ("Spigot") Amended Joint Motion to Stay Discovery (Doc. 73) and Plaintiff Jane Doe's Motion for Case Management Conference (Doc. 77). For the reasons below, the Amended Joint Motion to Stay Discovery Deadlines is denied and the Motion for Case Management Conference is granted in part and denied in part.

**Background**

Doe sued Eightpoint Tech and Spigot (collectively, "Defendants") for violations of the Trafficking Victims Protection Reauthorization Act, negligence, negligence retention and supervision, and vicarious liability arising from a December 2023 holiday party. (Doc. 51). On March 10, 2026, Eightpoint Tech moved to dismiss for lack of personal jurisdiction (Doc. 53) and for failure to state

a claim. (Doc. 54). Spigot moved to dismiss on separate grounds that same day, and all three motions remain pending. (Doc. 52).

On May 6, 2026, Doe served written discovery on Defendants. Both Defendants failed to respond. (Doc. 76 at 1). Instead, on May 19, 2026, they filed an Amended Joint Motion to Stay Discovery Deadlines pending resolution of the motions to dismiss, or in the alternative, pending the Rule 16(b) conference. (Doc. 73). Doe opposed. (Doc. 74).

The Rule 16(b) conference in this case has been repeatedly rescheduled and has not yet been held. On September 1, 2026, Doe moved for a conference to address the pending motions and to establish a case schedule. (Doc. 77).

**Discussion**

The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). "The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss." *Bennett v. Bd. of Directors of J.J.F. Mgmt. Servs., Inc.*, No. 8:26-cv-1255-CEH-CPT, 2026 WL 2450732, at *1 (M.D. Fla. Aug. 21, 2026). "[A] stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule" *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

Importantly, the party seeking a stay of discovery bears the burden of showing good cause and. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997);

Middle District Discovery (2021) at Section I.E.4. Specifically, the movant must demonstrate "unusual circumstances" exist "upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. These motions "are rarely granted." *Id.*

Here, Defendants have not demonstrated that discovery should be stayed. Defendants' request to stay discovery rests primarily on the pendency of the motions to dismiss, without the kind of particularized showing required to justify a stay. *See AmeriFactors Fin. Grp., LLC v. Florence Techs., PBC*, No. 6:25-cv-2213-CEM-DCI, 2026 WL 2425967, at *2 (M.D. Fla. Aug. 19, 2026). Nor have Defendants made a specific showing of undue burden sufficient to warrant relief broader than what is available through targeted objections to particular discovery requests. *See Bennett*, 2026 WL 2450732, at *3; *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012). Because Defendants have not carried their burden, the Amended Joint Motion to Stay Discovery Deadlines is denied.

The Rule 16(b) conference has been pending, and its repeated rescheduling has left the case without any operative case management deadlines. A conference is therefore warranted to set a schedule going forward. So Doe's Motion for a Case Management Conference is granted in part. The parties will file a new case management report, and the Court will conduct a scheduling conference to set deadlines.

To the extent that Doe's Motion also asks the Court to use the conference to resolve the merits of the pending motions to dismiss, or to address the Motion to Compel Discovery Responses (Doc. 76), Eightpoint Tech's Cross-Motion for Protective Order (Doc. 80) or Spigot's Cross-Motion for Protective Order (Doc. 81), that relief is denied without prejudice. Those motions remain pending and will be addressed separately.

**ORDERED:**

1. Defendants' Amended Joint Motion to Stay Discovery Deadlines (Doc. 73) is **DENIED.**

2. Plaintiff's Motion for Case Management Conference (Doc. 77) is **GRANTED and DENIED IN PART.**

   a. The Clerk is DIRECTED to schedule a Rule 16(b) Case Management Conference via Zoom on September 14, 2026. The parties shall file a uniform Case Management Report on or before September 11, 2026.

   b. Plaintiff's Motion is otherwise **denied without prejudice**.

In Fort Myers, Florida on September 2nd, 2026.

Kevin R. Huguelet
United States Magistrate Judge