UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

Plaintiff,

v. Case No: 2:25-cv-1091-SPC-KRH

EIGHTPOINT TECHNOLOGIES LTD. SEZC, and EIGHTPOINT INTERACTIVE, INC. f/k/a Spigot, Inc.,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Jane Doe's Motion for Leave to Proceed Anonymously (Doc. 33). Eightpoint Technologies Ltd. SEZC ("Eightpoint"), and Eightpoint Interactive, Inc. f/k/a Spigot, Inc. ("Spigot") filed their joint response. (Doc. 46). For the reasons stated below, the Court denies the motion.

Plaintiff brings this action against Eightpoint and Spigot for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1595, along with claims for negligence and vicarious liability. (Doc. 51) Plaintiff alleges that on December 9, 2023, a Chinese businessman, Hongda Lu, raped her at a party in Fort Myers, Florida. (*Id.*).

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties," to protect "the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981)[1] (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)).

Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). "A party may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (internal quotation marks omitted) (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

"Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Id.* (citation omitted).

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all rulings of the former Fifth Circuit handed down prior to October 1, 1981.

Courts consider three principal factors: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will be required to disclose information "of the utmost intimacy"; and (3) whether the plaintiff will be compelled to admit her "intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185. Other factors include whether the plaintiff is a minor or faces a real threat of physical harm, and whether there is a "unique threat of fundamental unfairness to the defendant." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (citations omitted).

Based on the alleged sexual assault asserted in the Amended Complaint, Plaintiff seeks to proceed anonymously based on the second factor of having to disclose information "of the utmost intimacy."[2] This "intimacy" may include having an abortion and religious beliefs but not mere embarrassment stemming from allegations of sexual assault. *Francis*, 631 F.3d at 1316. And courts have permitted plaintiffs to proceed anonymously in cases of "social stigma," for example, mental illness, homosexuality, and transsexuality. *Frank*, 951 F.2d at 324.

Plaintiff's position is that "Jane Doe was targeted by Hongda Lu, encouraged to drink excessively, and then once highly intoxicated, Hongda Lu

[2] Defendants argue that "[a]s a threshold observation, Plaintiff does not specifically cite" the applicable factor (Doc. 46 at 7), however it is clear by process of elimination.

sexually battered Jane Doe." (Doc. 33 at 5) (citing Doc. 1 ¶¶ 70–73).[3] Plaintiff argues that proceeding under her real name would exacerbate her depression, anxiety, and post-traumatic stress disorder (PTSD) diagnosis. Plaintiff states that Defendants have been provided with her true name resulting in a minimal risk of prejudice.

But Plaintiff does not allege that she is a minor, is at risk of physical danger or harm, or any social stigma, let alone provide evidence supporting these contentions. Although she points to an "extreme power imbalance" (Doc. 33 at 5), the Court does not see it. Lu is not her employer, anyone of notoriety, or in any position of power. He is a businessman who lives abroad. She alleges (in conclusory fashion without pointing to any medical records) depression and anxiety based on "personal embarrassment" that will occur. But such conclusory statements are insufficient. *See D.W. v. Grindr, LLC*, No. 8:25-CV-1260-TPB-AEP, 2025 WL 1786357, at *3 (M.D. Fla. June 27, 2025) (denying motion to proceed anonymously because, among other reasons, "Plaintiff has not submitted any particularized evidence to support [her] conclusory allegations"). Plus, courts have been clear that personal embarrassment alone is not enough to proceed anonymously. *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said that 'personal

[3] The Amended Complaint contains the same allegations. (Doc. 51 ¶¶ 93-95.)

embarrassment' alone is not enough to for leave to proceed anonymously."); *see also Doe v. Fla. Gulf Coast Univ. Bd. of Trs.*, No. 2:23-CV-245-SPC-KCD, 2023 WL 5830406, at *3 (M.D. Fla. Sept. 8, 2023), *aff'd*, No. 23-13063, 2024 WL 4224254 (11th Cir. Sept. 18, 2024) (noting "many courts within the Eleventh Circuit have declined to grant anonymity to . . . an adult victim of rape."); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (allegations of mental harm must be more than 'mere speculation').

Ultimately, "[t]he risk that a plaintiff may suffer some embarrassment is not enough" to warrant anonymity. *Frank*, 951 F.2d at 324. Indeed, "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment." *Francis*, 631 F.3d at 1316 (collecting cases). Such is the case here. Jane Doe must disclose her name.

Accordingly, it is hereby **ORDERED:**

Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 33) is **DENIED.** Plaintiff must identify herself by name in the case caption and in all future filings.

**DONE and ORDERED** in Fort Myers, Florida on September 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record