**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LUZ WHELPLEY,

Plaintiff,

v. Case No. 2:25-cv-1091-SPC-KRH

EIGHTPOINT TECHNOLOGIES LTD. SEZC, and EIGHTPOINT INTERACTIVE, INC. f/k/a SPIGOT, INC.,

Defendants.

_____________________________/

**ORDER**

This matter is before the Court on Defendant Eightpoint Technologies Ltd. SEZC's ("Eightpoint Tech") Cross-Motion for Protective Order (Doc. 79), Defendant Eightpoint Interactive, Inc. f/k/a Spigot, Inc.'s ("Spigot") Cross-Motion for Protective Order (Doc. 80). Plaintiff opposes both. (Doc. 95; Doc. 96). Also pending is the motion that prompted them: Plaintiff's Motion to Compel Discovery Responses (Doc. 76), which Defendants oppose. (Doc. 78; Doc. 81).

The Court's recent ruling on motions to dismiss largely resolves these disputes. (Doc. 97). As explained below, the Spigot's Cross-Motion is denied as moot, Eightpoint Tech's Cross-Motion is granted in part, and Plaintiff's Motion to Compel is granted as to Spigot and denied without prejudice as to Eightpoint Tech.

## Background

Plaintiff served interrogatories and requests for production on both Defendants on May 6. (Doc 76 at 2). Neither Defendant answered or objected, and instead both relied on their Amended Joint Motion to Stay Discovery Deadlines. (Doc. 73). Plaintiff then moved to compel discovery responses as to both Defendants. (Doc. 76). Defendants opposed that motion and, at the same time, each cross-moved for a protective order staying discovery until the Court resolved the pending motion to dismiss and the motion to stay. (Doc. 78; Doc. 79; Doc. 80; Doc. 81).

On September 2, the Court denied the stay motion. (Doc. 82). Since then, the Court has ruled on the motions to dismiss. (Doc. 97). That Order denied Spigot's motion, denied Eightpoint Tech's first motion without prejudice, and granted Eightpoint Tech's second motion (which dismissed Counts 5-7 without prejudice). (Doc. 97 at 4-6, 25-26). Ultimately, the Court granted Plaintiff leave to file a second amended complaint. (Doc. 97 at 26).

## Discussion

The Court addresses each issue in turn.

### 1. Plaintiff's Motion to Compel

The inquiry begins with Plaintiff's Motion to Compel, on which Defendants have an unequal footing.

Start with Spigot. Its basis for withholding responses was the request for a stay pending its motion to dismiss (and alternatively, until the Court ruled on the

joint motion to stay). With the relevant motions denied, the claims against Spigot will proceed. (Doc. 97 at 4-6). Because there no basis left for delay, Spigot must now respond to the outstanding discovery. So the Motion to Compel is granted as to Spigot responding. It must do so within twenty-one days.

Eightpoint Tech, however, is a different story. Given the Court's order, no claim is pending against it. (Doc. 97 at 26). Discovery is limited to matters "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). And Plaintiff's discovery requests to Eightpoint Tech were directed at claims that have since been dismissed. Whether Plaintiff will replead those claims, and in what form, remains to be seen. So the Motion is denied without prejudice as to Eightpoint Tech.

If Plaintiff amends timely and reasserts claims against Eightpoint Tech, she may serve discovery tailored to that pleading. Should the parties have disputes regarding that discovery after good-faith conferrals, the Court would address those issues at that time.

**2. Defendants' Cross-Motions**

After the Court's ruling, the Cross-Motions for Protective Orders are largely moot. Each motion sought protection only until the Court resolved the motions to dismiss and the motion to stay. (Doc. 79 at 14; Doc. 80 at 1-2). Now, the Court resolved all of those matters. (Docs. 82, 97). Because the period for which Defendants sought protection has ended, there is nothing left to protect right now. As for Spigot, the Cross-Motion for Protective Order is denied as moot.

Again, the facts are a bit different for Eightpoint Tech, though. The Court

grants the Cross-Motion only to the extent that it quashes Plaintiff's previously served discovery regarding the now-dismissed complaint (i.e., the discovery served on May 6). Eightpoint Tech need not respond to that discovery. Like described above, Plaintiff may reserve discovery on Eightpoint Tech after amending (should she choose).

### 3. Fees and Expenses

Plaintiff also requests reasonable expenses she incurred in bringing the Motion to Compel. (Doc. 76 at 4). The procedural posture of this case has changed considerably since the motion was filed. Much of the parties' arguments revolved around motions pending at the time of filing. The Court has since resolved each of them. (Doc. 82; Doc. 97). Considering the mixed results of those rulings, the parties' arguments are either moot or remain unsettled. The Court therefore declines to award expenses at this juncture, and Plaintiff's request is denied without prejudice.

**ORDERED:**

1. Defendant Eightpoint Tech's Cross-Motion for Protective Order (Doc. 79) is **GRANTED in part**.

   a. Eightpoint Tech will not respond to Plaintiff's interrogatories and requests for production—served on May 6.

   b. If Plaintiff amends her claims and continues to bring suit against Eightpoint, she can reserve discovery tailored to those amended claims. The Court would then resolve any disputes on that

discovery that the parties cannot resolve after good-faith efforts.

2. Defendant Spigot's Cross-Motion for Protective Order (Doc. 80) is **DENIED as moot.**

3. Plaintiff's Motion to Compel Discovery Responses (Doc. 76) is **GRANTED and DENIED IN PART.**

    a. Within **twenty-one (21) days** of this Order, Spigot must serve verified answers to Plaintiff's First Set of Interrogatories and written responses to Plaintiff's First Requests for Production, and must produce responsive documents.

    b. The Motion is **DENIED without prejudice** as to Eightpoint Tech.

    c. Plaintiff's request for expenses is **DENIED without prejudice**.

In Fort Myers, Florida on September 24th, 2026.

Kevin R. Huguelet
United States Magistrate Judge